IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EDWARD JAMES DROST, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-332-O |
| | § | |
| BRETT E. MCGUIRE, Sheriff, | § | |
| Palo Pinto County, Texas, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court are Palo Pinto County Jail inmate Edward James Drost's ("Drost") amended petition for writ of habeas corpus under 28 U.S.C. § 2241 and supplement thereto (ECF Nos. 6, 7), and Palo Pinto County Sheriff Brett McGuire's response with appendix thereto. (ECF Nos. 10, 11.). After considering the relief sought by Drost, the record, related briefing, and applicable law, the Court concludes that Drost's § 2241 petition must be **DISMISSED**.

**I.  BACKGROUND/CLAIMS FOR RELIEF**

At the time of filing this petition for relief under § 2241, Drost was housed in the Palo Pinto County Jail. Drost was charged with the July 29, 2015 offense of aggravated robbery in case number 15785, in Palo Pinto County, Texas. App., 2-3, ECF No. 11. He was indicted by a grand jury for that offense in the 29th District Court, Palo Pinto County, Texas, but released on bond on September 28, 2015. *Id*. at 3,16. As a condition of his bond, the state district court required that Drost maintain contact with his attorney and bail bondsman. *Id*.

On January 19, 2016, Drost's bail bondsman filed her affidavit of release of surety, averring that Drost failed to maintain contact with her as agreed. *Id.* at 30. A warrant was issued for Drost's

arrest that same day. *Id.* at 31-32. Drost was later arrested on March 11, 2016. *Id.* at 32. Drost's attorney filed a motion to reduce his bond on March 22, 2016, which was then granted and Drost's bond reduced to $150,000. *Id.* at 35-36.

Over two years later in August 2018, the state district court found that the bond was insufficient after Drost failed to submit to a court-ordered drug test. *Id.* at 42. The court reset the bond amount to $250,005.00 and issued a warrant for Drost's arrest. *Id.* at 42- 44. He was then rearrested in Palo Pinto County on August 22, 2018. *Id.* at 46.

Although Drost was again allowed to post bond on September 7, 2018, that bond was found to be insufficient on November 28, 2018. *Id*. at 52, 58. Drost's then appointed attorney was allowed to withdraw, and the state court appointed another attorney to represent Drost. *Id*. at 55-58; 63. Drost then filed a motion seeking to terminate his court-appointed attorney on February 9, 2019. *Id.* at 77-78. Drost also again filed a pro se motion to reduce his bond. *Id.* at 79-80.

Shortly thereafter, Drost's latest counsel filed a motion to withdraw, which the Court granted on April 26, 2019. *Id.* at 85-89. Once again, Drost petitioned the state court to reduce his bail on April 30, 2019. *Id.* at 93-94. The Court appointed new counsel. *Id.* at 90-92, 95. On June 20, 2019, the state court set Drost's case for docket call on October 30, 2019, and set the case for jury trial on November 4, 2019. *Id*. at 96.

In the meantime, Drost came to federal court in April 2019 and filed a handwritten petition under § 2241. Pet., ECF No. 1. After the Court ordered him to complete a form for seeking relief under § 2241, Drost asserted several substantive challenges to the aggravated robbery charge pending before the 29th District Court, Palo Pinto County, Texas in case number 15785. Am. Pet. 3, 5-8, ECF No. 6. Drost seeks an order from this Court to grant him either a change of venue or an order to

dismiss his state charge. *Id*. at 9.

## II. LEGAL STANDARD and ANALYSIS

"A pre-trial detainee may challenge the State's power and authority to bring him to trial and the constitutionality or lawfulness of his confinement by a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241." *Edmon v. Floyd*, No. 3:14-cv-2471-K-BN, 2014 WL 4547810, at *1 (N.D. Tex. Aug. 22, 2014), *R and R adopted*, 2014 WL 4555666 (N.D. Tex. Sep. 15, 2014) (citing *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 if two requirements are satisfied. First, the petitioner must be in custody. *See* 28 U.S.C. § 2241(c); *Dickerson*, 816 F.2d at 224. Second, the petitioner must have exhausted his available state remedies. *Id.* Despite the absence of an exhaustion requirement in the statutory language of § 2241, the courts have developed an exhaustion doctrine, holding that federal courts should abstain from the exercise of jurisdiction until the issues are resolved in state court, either by trial on the merits or by other state procedures available to the petitioner. *See Dickerson*, 816 F.2d at 225; *see also Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489-92 (1973); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir.1976); *Fain v. Duff*, 488 F.2d 218, 223-24 (5th Cir. 1973). The exhaustion doctrine applicable to § 2241 was judicially crafted on federalism grounds to protect the state courts' opportunity to resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process. *See Braden*, 410 U.S. at 490-91; *Dickerson*, 816 F.3d at 225; *Fain*, 488 F.2d at 224.

State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by any currently available and adequate procedure.

3

*Braden*, 410 U.S. at 489. Typically, in order to exhaust, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). In Texas, that requires presenting the claims to the Texas Court of Criminal Appeals:

> To exhaust remedies in Texas, a petitioner must present his claims to the Texas Court of Criminal Appeals by filing an appeal followed by a petition for discretionary review or by filing an application for a writ of habeas corpus. In the pre-conviction context, a Texas prisoner confined after a felony indictment may file an application for writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure with the judge of the court in which he is indicted. If the trial court denies habeas relief under Article 11.08, the applicant's remedy is to take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals.

*Ambrosio v. Gonzalez*, No. H-17-3733, 2018 WL 398230, at *2 (S.D. Tex. Jan. 11, 2018) (internal citations omitted).

A petitioner can be excused from the exhaustion requirement only if he or she can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent exceptional circumstances, a pre-trial petitioner may not litigate the merits of his or her constitutional claims before the state court has entered a judgment of conviction. *Cooks v. Rowe*, No.5:17-cv-279-C, 2017 WL 6761815, at *2 (N.D. Tex. Dec, 7, 2017) (citing *Braden*, 410 U.S. at 489) (other citations omitted) .

Drost has provided no proof of his efforts to exhaust state remedies or that state court remedies are unavailable or inadequate. The state court's docket sheet pertaining to Drost's criminal charges contains a copy of the state clerk's certified records that show that he has never presented the claims he makes in this Court to the state district court, any state intermediate appellate court, or to the Texas Court of Criminal Appeals. App. at 1-103, ECF No. 11. Federal habeas relief should

4

not be used as a "pretrial motion forum for state prisoners." *Braden*, 410 U.S. at 493. Federal habeas proceedings cannot be instituted by Drost until he has exhausted his state court remedies as to the claims presented. Further, Drost has not shown that he is excused from the exhaustion requirement due to exceptional circumstances of peculiar emergency. Therefore, the Court finds that Drost has failed to exhaust all remedies prior to seeking § 2241 relief, and this petition under § 2241 must be dismissed.

### III.  CONCLUSION and ORDER

Accordingly, it is **ORDERED** that Edward James Drost's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** without prejudice.

**SO ORDERED** this **20th day** of **March, 2020.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**